■ CHARLES BERNEY et al., Plaintiffs, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LTD., Defendant and Third-Party Plaintiff-Respondent. NATHAN L. BRODIE et al., Third-Party Defendants-Appellants, et al., Defendant.—In an action against insurers on a bond and on a policy of insurance, in which a third-party action based upon subrogation was commenced, the third-party defendants appeal from so much of an order of the Supreme Court, Kings County, dated November 5, 1975, as granted the third-party plaintiff's motion for summary judgment on the question of liability against third-party defendant Nathan L. Brodie. The appeal also brings up for review so much of a further order of the same court, dated December 4, 1975, as, upon reargument, adhered to the original determination. (By order of this court dated October 29, 1976, an appeal by defendant Aetna Insurance Company from portions of the order of November 5, 1975 was deemed withdrawn.) Appeal by third-party defendant Sarah D. Brodie dismissed. She was not aggrieved by the orders under review. Appeal from portions of the order of November 5, 1975, dismissed as academic. Those portions were superseded by the order made upon reargument. Order of December 4, 1975, affirmed insofar as reviewed. The third-party plaintiff is awarded one bill of $50 costs and disbursements against third-party defendant Nathan L. Brodie. The uncontroverted admission of the third-party defendant that he removed or caused to be removed items from the house

imposes at least some liability. The extent of the damage caused thereby can be determined when damages are assessed. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.